IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._________________________

PLANT FOOD SYSTEMS, INC., a
Florida corporation

Plaintiff,

v.

AGROSOURCE, INC., a Florida
corporation,

Defendant.
__________________________________________/

**COMPLAINT**

Plaintiff, Plant Food Systems, Inc. ("PFS" or "Plaintiff"), by and through its undersigned counsel, hereby sues Defendant, Agrosource, Inc. ("Agrosource" or "Defendant"), and states:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. § 1338(b) (pendant unfair competition claims) and 28 U.S.C. § 1367 (supplemental jurisdiction).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because one or more of the Defendants reside in this District, all Defendants reside in the State of Florida, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## NATURE OF ACTION

3. This is an action in law and equity for trademark counterfeiting, trademark infringement, common law trademark infringement, false designation of origin, trademark dilution and unfair competition in violation of Section 42 of the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*., and Florida State law.

## THE PARTIES

4. Plaintiff, PFS, is a corporation organized and existing under the laws of the State of Florida.

5. Defendant, Agrosource, is a corporation organized under the laws of the State of Florida with its principal address at 166 Beacon Lane, Jupiter, FL 33469. The registered agent for service of process is Taw W. Richardson, 166 Beacon Lane, Jupiter, FL 33469.

## FACTS IN COMMON TO ALL COUNTS

6. PFS is a horticultural chemical manufacturer in the business of, among other things, researching, developing, manufacturing and selling products designed to aid the growth of citrus.

7. Amongst the products that PFS sells in the marketplace is a fertilizer product called FIREWALL.

8. PFS has sold the FIREWALL product prominently and continuously since at least as early as the last quarter of 2003. *See Exhibit A - image of product.*

9. On October 10, 2003, PFS filed an application that obtained registration on December 20, 2005, for the trademark FIREWALL for "Fertilizers for agricultural and horticultural use" in class 001, US Registration number 3032872 (the "Mark"). *See Exhibit B-registration certificate.*

10. Since then, the Mark has been renewed by PFS and has become incontestable.

11. Recently, PFS discovered that Agrosource was using a counterfeit FIREWALL mark for a fungicide which it sells to the same agricultural clients to which PFS sells its products. *See Exhibit C- counterfeit mark.*

12. This is likely to create confusion since the consumer will see a fertilizer and a fungicide with the same name and assume that the products are related.

13. The likelihood of confusion is even greater due to the fact that, amongst its other products, PFS sells fungicides and pesticides. In fact, PFS has been a key player in Florida agriculture and highly respected for its collaborative work and products that fight a blight commonly referred to as "Citrus Greening," and scientifically known as citrus huanglongbing ("HLB"), caused by a bacterium, Candidatus Liberibacter asiaticus ("Las").

14. Agrosource decided to use this name without permission of PFS.

15. Agrosource did not notify PFS before commencing use of the counterfeit FIREWALL mark.

16. Agrosource's use of the identical FIREWALL mark for a similar product sharing a similar consumer, the commercial agricultural industry including, significantly in Florida, citrus growers, is confusingly similar and creates an unavoidable likelihood of confusion.

17. Agrosource has been showing the counterfeit mark at trade shows where PFS shows its products, thereby increasing likelihood of confusion. Most recently they were seen at a trade show in Fort Myers where they prominently displayed the counterfeit trademark.




18. Upon information and belief, Agrosouce has willfully and intentionally violated PFS' trademark with the deliberate intention of trading on the valuable goodwill and reputation established in PFS' trademarks.

19. Agrosource's use of PFS' Mark has caused confusion and is likely to cause confusion, mistake or deception as to the source of origin of Agrosource's services in that the public, the trade, and others are likely to believe that Agrosource's services are provided by,

sponsored by, approved by, licensed by, affiliated with or in some way legitimately connected to PFS, all to PFS' irreparable harm.

20. Upon information and belief, Agrosource and its employees are likely to represent that Agrosource's services are associated with PFS and/or use them in such a manner as to cause confusion, mistake or deception, all to PFS' irreparable harm.

21. PFS has no control over the nature, quality or pricing of Agrosource's goods or any other aspect of its business conduct. Any failure, neglect or default by Agrosource in providing Agrosource's services labeled with unauthorized facsimiles of PFS' Mark will reflect adversely on PFS as the believed source of origin thereof, thus hampering efforts by PFS to continue to protect its outstanding reputations for agricultural services.

22. Due to the critical impact of the blight to the Florida agricultural industry, Agrosource's counterfeit mark can undermine trust and severely hurt confidence in the industry causing serious harm to consumers and growers alike.

23. Upon information and belief, unless restrained by this Court, Agrosource will continue to willfully and intentionally offer to sell and sell services bearing counterfeits of PFS' Mark, causing PFS irreparable harm.

24. PFS delayed in bringing this lawsuit in an attempt to negotiate an amicable solution.

25. No amicable solution has been reached and PFS needs to protect its rights.

26. All conditions precedent to the filing of this action have either been met or have been waived by the parties.

27. PFS has retained the undersigned counsel in connection with this suit and is obligated to pay it a reasonable fee for its services.

**COUNT I**

**DIRECT AND CONTRIBUTORY INFRINGEMENT AND COUNTERFEITING OF FEDERALLY REGISTERED TRADEMARKS**

28. PFS readopts and re-alleges all the allegations contained in paragraphs 1 through 27.

29. This is a claim by PFS for direct and contributory infringement and counterfeiting of federally registered trademarks arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30. Agrosource's activities, as alleged, constitutes direct and/or contributory infringement and counterfeiting of PFS' federally registered FIREWALL trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, all to the substantial and irreparable injury of the public and of PFS' business reputation and goodwill.

31. By such wrongful acts, Agrosource has caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to PFS and to the goodwill associated with its registered Mark, including diversion of customers from it, lost sales and lost profits, and Agrosource will be unjustly enriched.

32. Agrosource's acts are willful, intentional and egregious and make this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

**COUNT II**

**DIRECT AND CONTRIBUTORY INFRINGEMENT AND COUNTERFEITING OF COMMON LAW TRADEMARK**

33. PFS readopts and re-alleges all the allegations contained in paragraphs 1 through 27.

34. This is a claim by PFS for direct and contributory infringement and counterfeiting of PFS' common law trademark.

35. Agrosource's activities, as alleged, constitute direct and/or contributory infringement and counterfeiting of PFS' trademarks in violation of PFS' common law trademark rights, all to the substantial and irreparable injury of the public and of FFS' business reputation and goodwill.

36. By such wrongful acts, Agrosource has caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to PFS and to the goodwill associated with its registered marks, including diversion of customers from it lost sales and lost profits, and Agrosource will be unjustly enriched.

37. PFS has no adequate remedy at law.

## COUNT III

## TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN

38. PFS readopts and re-alleges all the allegations contained in paragraphs 1 through 27.

39. This is a claim by PFS for trademark infringement and false designation of origin arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Agrosource's activities, as alleged, constitute infringement and/or contributory infringement of PFS' trademark, false designation of origin, false representation and false description, all to the substantial and irreparable injury of the public and of PFS' business reputation and goodwill.

41. By such wrongful acts, Agrosource has caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to PFS and to the goodwill associated with PFS' trademarks, including diversion of customers from PFS, lost sales and lost profits, and Agrosource will be unjustly enriched.

42. PFS has no adequate remedy at law.

43. Agrosource's acts are willful, intentional and egregious and make this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

**COUNT IV**

**COMMON LAW UNFAIR COMPETITION**
**AGAINST ALL DEFENDANTS**

44. PFS readopts and re-alleges all the allegations contained in paragraphs 1 through 27.

45. This is a claim for unfair competition arising under the common law of the State of Florida.

46. By the foregoing deceptive and/or fraudulent conduct creating a likelihood of confusion, Agrosource has unfairly competed with PFS and/or contributed to acts of unfair competition by others, all to the substantial and irreparable injury of the public and of PFS' business reputation and goodwill.

47. By such wrongful acts, Agrosource has caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to PFS and to the goodwill associated with PFS' trademark, including diversion of customers from PFS, lost sales and lost profits, and Agrosource will be unjustly enriched.

48. PFS has no adequate remedy at law.

**WHEREFORE,** Plaintiff, Plant Food Systems, Inc., prays:

(1) That a preliminary and permanent injunction issue, pursuant to Section 42 of the Lanham Act, 15 U.S.C. §§ 1124 and 1125, and the equitable power of this Court to enforce the common law of the State of Florida, restraining Defendant, Agrosource, Inc., its agents, servants, partners, representatives, employees, successors and assigns, and all others in concert and privity with it from:

(a) Directly or indirectly making any use related to agricultural products, and/or causing, aiding, abetting or contributing to the actions of others in using in relation to agricultural products:

i. Any trademark which includes the word FIREWALL or FIRE or WALL or which is otherwise confusingly similar to Plaintiff's Mark; and

ii. Any advertisements or promotional materials or other items that are labeled with or contain trademarks designs or trade dress prohibited in i. above;

(b) Directly or indirectly infringing Plaintiff's trademarks and/or trade dress;

(c) Directly or indirectly seeking to register trademarks which is confusingly similar to Plaintiff's trademarks;

(b) Unfairly competing with Plaintiff; and

(c) Falsely claiming any affiliation with Plaintiff.

(2) That Defendant be required to account to Plaintiff for Defendant's profits and the actual damages suffered by Plaintiff as a result of Defendant's acts of infringement, false designation of origin, and unfair competition together with interest, that Plaintiff's recoveries be enhanced and/or trebled, and that prejudgment interest be awarded, pursuant to Section 43 of the Lanham Act, 15 U.S.C. §§ 1117 and 1125, and the common law of the State of Florida;

(3) That Defendant be required to pay statutory damages to Plaintiff pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c);

(4) That Defendant be ordered to surrender for destruction all products, order forms, price lists, labels, advertisements, brochures, catalogs, packaging materials and other materials incorporating or imitating Plaintiff's trademarks and/or trade dress, pursuant to Sections 36 and

43 of the Lanham Act, 15. U.S.C. §§ 1118 and 1125, and the equitable power of this Court to enforce the common law of the State of Florida;

(5) That Defendant be required to recall from distribution and surrender for destruction all products, order forms, price lists, labels, advertisements, brochures, catalogs, packaging materials and other materials incorporating or imitating Plaintiff's trademarks, and/or trade dress, pursuant to Sections 36 and 43 of the Lanham Act, 15. U.S.C. §§ 1118 and 1125, and the equitable power of this Court to enforce the common law of the Florida;

(6) That Defendant be required to pay Plaintiff's attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117);

(7) That Defendant's state trademark registration (Reg. Doc.# T08000000744) be cancelled; and

(8) For such other and further relief as may be just and equitable.

Dated: March 04, 2016.

Respectfully submitted,

**ESPINOSA TRUEBA MARTINEZ, PL**

By: /s/Jorge Espinosa
Jorge Espinosa, Esq.
Florida Bar No. 779032
Jespinosa@etlaw.com
Francesca Russo, Esq.
Florida Bar No. 174912
frusso@etlaw.com
Espinosa | Trueba P.L.
1428 Brickell Avenue
Suite 100
Miami, FL 33131
Tel: 305-854-0900
Fax: 855-854-0900
*Counsel for Plaintiff*
*Plant Food Systems, Inc.*